THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, *v.* JAMES FASBINDER *et al.,* Defendants-Appellees.

(No. 55040; )

First District—June 7, 1971.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Joseph H. Romano, Assistant State's Attorneys, of counsel,) for the People.

Edward M. Genson, of Chicago, for appellees.

Mr. JUSTICE LYONS delivered the opinion of the court:

This is an appeal by the State from an order suppressing evidence.

On August 4, 1969, about 5:00 A.M., Miss Shirley Abbeduto was asleep in her Oak Lawn apartment when she was awakened by the arrival of her co-tenant and co-lessee, Gerina Luecht. Gerina told Miss Abbeduto that "she [Gerina] had some grass [marijuana] and also had some friends and that they had just picked the grass and they were bringing it in * * * they were going to stay and process it." Miss Abbeduto went back to sleep and awoke again about 7:00 A.M. Gerina and her friends were still in the apartment and there was marijuana "in the dining room, in the kitchen, in the bathroom * * * all over the apartment." Miss Abbeduto dressed and left the apartment. She phoned a friend, Jean Berquist, and then tried to phone Inspector John Carsten at the Illinois Division of Narcotic Control, but he was not in his office. A short time later, Miss Abbeduto met Jean Berquist and the two young women proceeded to Inspector Carsten's office at 839 Exchange Street, Chicago.

About 12:30 P.M. Miss Abbeduto spoke to Inspector Carsten and other narcotic agents and she related what was occurring in her apartment. She consented to a search of her apartment and executed a document which provided as follows:

"I, Shirley Abbeduto, am the lessee of an apartment located at Apt. 305 9957 So. Cicero Street in Oak Lawn, Illinois and I hereby give my consent to Officers of the Illinois Narcotic Division to make a search of the premises without a warrant.

/s/ Shirley Abbeduto"

Miss Abbeduto and Jean Berquist next proceeded to 99th Street and Crawford Avenue, Oak Lawn, where they were met by Inspector Carsten, other narcotic agents and two Oak Lawn policemen. Apparently a plan of action had been devised by Inspector Carsten and this meeting was

the first step in the execution of that plan. The group then went to Miss Abbeduto's apartment, arriving there about 2:00 P.M. Miss Abbeduto and her friend entered the apartment while the police officers remained on the landing outside the apartment door. Gerina Luecht and her friends were still processing the marijuana at this time. Miss Abbeduto got a sweater, gave it to Jean Berquist and "then Jean walked to the door * * * pretended like she was going out the door and she opened the door for [the police]." This action, too, was apparently taken pursuant to plan.

The police entered the apartment, observed what was occurring and placed the defendants under arrest. Inspector Carsten, who participated in the arrest, indicated that upon entering the apartment he saw marijuana "strewn about the dining and kitchen area, in the bathroom, bathtub * * * in cooking pans in the oven * * * the bathtub was filled with it. * * * There was marijuana strewn all over the floor [of the apartment]." According to Carsten, a total of two hundred pounds of marijuana was seized at the time.

The defendants were subsequently indicted for unlawful possession of a narcotic drug in violation of Ill. Rev. Stat. (1967), ch. 38, sec. 22—3. Defendants moved to suppress the evidence and the court, after conducting a hearing on the motion, so ordered. The court's rationale, though somewhat unclear from the record, seems to have rested on the fact that it was Jean Berquist and not Shirley Abbeduto who opened the door for the police. This action by Jean Berquist, the court reasoned, somehow nullified Miss Abbeduto's consent and constituted an attempt by Jean Berquist to waive the constitutional rights of Gerina Luecht. Because Jean Berquist was not a co-tenant or co-lessee of the apartment, the court concluded that she could not legally consent to the search and thus the court sustained the motion to suppress.

The sole issue to be decided by this court is whether when one joint occupant gives the police permission to search his apartment, that same occupant, and that occupant alone, must open the door and allow the police to enter.

■■ At the outset we note that it is well established that where two people have equal rights to the use or occupation of the premises, either may give consent to a search and the evidence thus disclosed can be used against either. (See *People v. Smith* (1969), 108 Ill.App.2d 172, 181, 246 N.E.2d 689, *cert.* denied, 397 U.S. 1001 (1970), and the cases cited therein.) Applying this rule to the instant case, we think it quite clear that either Shirley Abbeduto or Gerina Luecht, co-tenants and co-lessees of the apartment, might have validly consented to a search of the apartment. It was, of course, Shirley Abbeduto who gave such consent. It is

true that Miss Abbeduto's consent was not given at the doorway of the apartment but rather in the office of the Illinois Division of Narcotic Control. However, we attach no significance to that fact under the circumstances of this case. The consent was voluntarily given, Miss Abbeduto accompanied the police officers to the apartment and no more than one and one-half hours passed between the giving of consent and the search. There was ample opportunity for Miss Abbeduto to have withdrawn her consent had she so desired. She elected instead to fully cooperate with the police even to the extent of participating in their plan of action. Her consent remained valid and in effect at all times.

■■ It was not necessary, therefore, for Miss Abbeduto to reaffirm her consent immediately prior to the entry of the police. Nor was it necessary, under the facts of this case, for her to have opened the door for the police. Though it was Jean Berquist, Miss Abbeduto's friend and co-participant in the plan, who opened the door, it was not Jean Berquist who consented to the search. The police entered pursuant only to Miss Abbeduto's consent. Under the facts here, Jean Berquist did nothing more than open the door. She gave no consent and did not attempt to do so. We are aware of no authority which requires us to find that her actions in opening the door nullified the consent given by Miss Abbeduto or in any way constituted an attempt on her part to waive the constitutional rights of the occupants of the apartment. Hence, those cases upon which defendants rely are inapplicable here because they uniformly hold that a non-occupant may not consent to a search of premises. The consent in this case was given by a co-tenant, co-lessee and joint occupant.

Accordingly, and after our careful review of all of the evidence adduced at the pre-trial hearing on the motion to suppress, we hold that the search and seizure in this case was both reasonable and valid under the law. The order of the trial court which suppressed the evidence is, therefore, reversed and the cause is remanded with directions to reinstate the indictment and for further proceedings not inconsistent with this opinion.

Order reversed and cause remanded with directions.

BURKE, P. J., and GOLDBERG, J., concur.